UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v-

LEONARD MATHEWS,

18-CR-124 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

Defendant Leonard Mathews moves to suppress evidence recovered from a search of his cell phone, or in the alternative, for a *Franks* hearing to determine the validity of the underlying search warrant. The Court presumes familiarity with the factual background as set forth in the parties' briefs and the record in this case. For the reasons that follow, the motion is denied.

**I.     Legal Standard**

"Ordinarily, a search or seizure pursuant to a warrant is presumed valid," but "[i]n certain circumstances, . . . a defendant may challenge the truthfulness of factual statements made in the affidavit, and thereby undermine the validity of the warrant and the resulting search or seizure." *United States v. Awadallah*, 349 F.3d 42, 64 (2d Cir. 2003). Under the *Franks* doctrine, *see Franks v. Delaware*, 438 U.S. 154 (1978), a defendant is entitled to an evidentiary hearing on the validity of the warrant if, and only if, he makes "a substantial preliminary showing" that: "(1) the claimed inaccuracies or omissions are the result of the affiant's deliberate falsehood or reckless disregard for the truth; and (2) the alleged falsehoods or omissions were necessary to the issuing judge's probable cause or necessity finding." *United States v. Rajaratnam*, 719 F.3d 139, 146, 147 (2d Cir. 2013) (alteration omitted) (quoting *United States v. Canfield*, 212 F.3d 713, 717–18 (2d Cir. 2000)).

"The *Franks* standard is a high one," *Rivera v. United States*, 928 F.2d 592, 604 (2d Cir. 1991):

> To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient.

*Franks*, 438 U.S. at 171.

## II.  Discussion

Defendant challenges three inaccuracies or omissions in the underlying warrant affidavit: (1) the detective's statement that "based on his 'review of the security camera footage related to the shooting, the cellphone that [Mathews] is using on the security camera footage appears to be the Subject Device" (Dkt. No. 15-2 at 6 (quoting Dkt. No. 16 at 30)); (2) the detective's omission of certain facts from the Complaint about the night of the shooting (*Id.*); and (3) the detective's inclusion of false exculpatory statements from Victim-1's grand jury testimony. (Dkt No. 15-2 at 7.) The Court addresses each statement or omission in turn.

### A.  The Detective's Description of the Video Footage

The Court concludes that the detective's statement that the phone in the surveillance footage appears to be the same as the Subject Device does not justify a *Franks* hearing. First, there is not sufficient evidence that the detective's opinion was actually inaccurate. There is nothing in defense counsel's affidavit, which he submitted in support of this motion, to indicate that the cell phone in the video is *not* the Subject Device, or that he has personal knowledge of whether the two phones are in fact the same. *See United States v. Caruso*, 684 F. Supp. 84, 87

(S.D.N.Y. 1988) (denying *Franks* hearing where motion was based on affidavit of defense counsel, who did not have personal knowledge of the underlying facts). Defense counsel's statement that the "nature of the footage renders it impossible to determine" (Dkt. No. 15-1 ¶ 8) anything about the device is insufficient, by itself, to warrant a *Franks* hearing.

Second, even assuming that the cell phone in the video was *not* the Subject Device, Defendant has failed to adduce any evidence that the detective's statements were made with "deliberate . . . or reckless disregard for the truth." *See Rajaratnam*, 719 F.3d at 146. Defense counsel's contention that, due to the low quality of the video, "it is impossible to describe the device as of any particular make or model" (Dkt. No. 15-1 ¶ 8), is insufficient, standing alone, to demonstrate that the detective misled the magistrate with the requisite intent. *See United States v. Harding*, 273 F. Supp. 2d 411, 428 (S.D.N.Y. 2003) ("The opinion of Harding's attorney that the photograph is not of Harding even if correct, is not enough to raise an issue of fact as to whether the agent deliberately or recklessly failed to alert the magistrate that the photograph was not of Harding."); *United States v. Bellomo*, 954 F. Supp. 630, 642 (S.D.N.Y. 1997) (denying *Franks* hearing for similar reasons).

Accordingly, the detective's opinion that the cellphone in the surveillance video was not the "Subject Device" does not justify a *Franks* hearing.

### B. Facts Omitted From the Complaint

Defendant next claims that the detective deliberately or reckless omitted material information from the Complaint in his warrant affidavit.[1] The Complaint states:

> At approximately 10:43 p.m., MATHEWS and [De Jesus] talk on the corner in front of the Store. At approximately 10:45 p.m.,

---

[1] In the context of *Franks* motions, "omissions 'are governed by the same rules' as misstatements." *Rajaratnam*, 719 F.3d at 146 (2d Cir. 2013) (quoting *United States v. Ferguson*, 758 F.2d 843, 848 (2d Cir. 1985)).

> MATHEWS, [De Jesus], and Victim-1 begin walking north on Creston Avenue. A few minutes later, [De Jesus] begins firing the firearm in the vicinity of 2725 Morris Avenue, after which he runs away with Victim-1.

(Dkt. No. 1 ¶ 7(f)–(g)). The warrant affidavit recounts the same events as follows: "At approximately, 10:45 p.m., De-Jesus and Victim-1 exit the Store, cross the street, and meet with Mathews. Shortly thereafter, De-Jesus begins firing the firearm and running with Victim-1." (Dkt. No. 16 at 30.)

The Court concludes that this omission does not entitle Defendant to a *Franks* hearing because the omission is not material. *See Rajaratnam*, 719 F.3d at 153. To determine whether an omission is material, a court must "insert the omitted truths" into the warrant affidavit, and decide whether, after correcting the omissions, "there remains a residue of independent and lawful information sufficient to support [a finding of] probable cause." *Id.* (first quoting *United States v. Ippolito*, 774 F.2d 1482, 1487 n.1 (9th Cir. 1985); second quoting *Canfield*, 212 F.3d at 718).

Here, if the omitted information had been included in the warrant affidavit, the probable cause finding would be *strengthened*, rather than weakened. The only difference between the Complaint and the warrant affidavit is that the latter includes the fact that Mathews, De Jesus, and Victim-1 walked together up Creston Avenue a few minutes before De Jesus began firing the gun. If this information were included in the warrant affidavit, it would not reduce, much less eliminate, probable cause to believe that evidence of a crime would be found on the Subject Device.

### C. Victim-1's Grand Jury Testimony

Defendant argues that the detective misled the magistrate judge by knowingly quoting false exculpatory statements from Victim-1's grand jury testimony. (Dkt. No. 15 -2.) In the

4

warrant affidavit, the detective averred that he reviewed a transcript of Victim-1's grand jury testimony, in which she stated: "De-Jesus and his friend 'went back to his friend's house and they grabbed a weapon. They came back and that's when [De-Jesus] wanted me to put it in the back of my pants because [he] wanted me to hold it.'" (Dkt. No. 16 at 31 (alterations in original).) The Complaint, however, recounts the events differently:

> [De Jesus] instructed Victim-1 to go "get the grip," which Victim-1 understood to mean a firearm, from a friend's house. Victim-1 then went with others to meet another coconspirator . . ., who gave her a firearm that she put in her waistband. Victim-1 returned to the Store, where [De Jesus] removed the firearm from Victim-1' s waistband, checked that it was loaded, and put it back in Victim-l's waistband.

(Dkt. No. 1 ¶ 8(c).) Based on this discrepancy, Defendant argues that the detective materially misled the magistrate.

This argument fails for two reasons. First, even assuming that Victim-1's grand jury testimony was false, it is undisputed that the detective accurately restated that testimony. Any inaccuracy came from Victim-1, not the detective, and this is fatal to Defendant's *Franks* motion. *See United States v. Cook*, 348 F. Supp. 2d 22, 29 (S.D.N.Y. 2004) ("If there is an inaccuracy in the affidavit based upon information provided by a third party, a *Franks* hearing is inappropriate . . . There is no right to a hearing when the challenge is to information provided by an informant or other source.'") (quoting *United States v. Markey*, 131 F. Supp. 2d 316, 324 (D. Conn. 2001)).

Second, besides defense counsel's conclusory statement that the detective quoted testimony he "knew" was false (Dkt. No. 15-1 ¶ 7), there is no evidence that the detective included the grand jury with the requisite intent to mislead. The fact that the Complaint differs from Victim-1's testimony is inconclusive, as the Complaint was filed several weeks after the warrant affidavit. (Dkt. No. 16 at 35; Dkt. No. 1.) Based on the evidence proffered by

Defendant, there is no reason to believe that Victim-1's grand jury testimony was included in the warrant affidavit with the intent to mislead the magistrate judge.

**D.      Delay in Obtaining the Search Warrant**

In addition to his *Franks* arguments, Defendant seeks suppression on the alternative ground that the government unreasonably delayed in obtaining a warrant to search his cell phone. (Dkt. No. 15-2 at 10.)

"[E]ven a seizure based on probable cause is unconstitutional if police act with unreasonable delay in securing a warrant." *United States v. Martin*, 157 F.3d 46, 54 (2d Cir. 1998). "In determining the reasonableness of the government's delay in seeking a search warrant after a valid seizure, a court looks to various factors, including the length of time for which the individual was deprived of her or his property, any diminished interest in the property that the individual may have had, and whether the seizure affected the individual's liberty interests, for example, where an officer seizes a traveler's luggage and thereby disrupts that individual's travel plans." *United States v. Howe*, 545 F. App'x 64, 65–66 (2d Cir. 2013). "The court also analyzes the government's interests in seizing the property, and balances the competing interests." *Id.*

Here, the Court concludes that the any delay in obtaining a warrant was not constitutionally unreasonable. First, and perhaps most important, a relatively short amount of time elapsed[2] between when the government first obtained the cell phone and when the search warrant was signed. *Howe*, 545 F. App'x at 66 (characterizing thirteen-month delay as "long," but not unreasonable under the circumstances); *United States v. Martin*, 157 F.3d 46, 54 (2d Cir.

---

        2        The government states that only fifteen days elapsed, while Defendant claims that seventeen days passed. (Dkt. No. 16 at 23; Dkt. No. 15-2 at 10.) In either event, the Court concludes that the delay was not unreasonable.

1998) (concluding that eleven-day delay was not unreasonable under the circumstances). Moreover, the government's delay was not due to "a lack of diligence in pursuing a search warrant," *Howe*, 545 F. App'x at 66: to the contrary, as in *Martin*, the "delay included two weekends and the Christmas holiday, which could explain the difficulty in promptly obtaining the warrant." 157 F.3d at 54. Second, during the delay, Mathews' possessory interest in the phone was diminished by the fact that the New York Police Department had already seized the phone incident to a separate arrest. *Cf. Howe*, 545 F. App'x at 66 ("Howe's possessory interest in the laptop was diminished by the fact that [an officer] had viewed a folder on that computer containing the lascivious thumbnail image described earlier."). Third, the seizure of the cell phone had little or no impact on Defendant's liberty interests. *Cf. id.* ("[T]he seizure of the laptop did not restrain Howe's liberty interests.").

In short, considering the relevant factors, and balancing the government's interest against Defendant's, a seventeen-day delay in obtaining a search warrant for the phone was not unreasonable under the circumstances.

**III. Conclusion**

For the foregoing reasons, Defendant's motion to suppress or to conduct a *Franks* hearing is DENIED.

The Clerk of Court is directed to close the motion at Docket Number 15.

SO ORDERED.

Dated: May 17, 2018
       New York, New York

                                              J. PAUL OETKEN
                                              United States District Judge