USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: MAY 3 0 2018

**ORIGINAL**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | SUPERSEDING |
|  | : | INDICTMENT |
| - v. - | : |  |
|  | : | S2 18 Cr. 124 (JPO) |
| LEONARD MATHEWS, | : |  |
|  | : |  |
| Defendant. | : |  |
|  | : |  |

- - - - - - - - - - - - - - - - - - x

## COUNT ONE
### (Violent Crime in Aid of Racketeering – Attempted Murder)

The Grand Jury charges:

### THE ENTERPRISE

1.    At all times relevant to this Indictment, LEONARD MATHEWS, the defendant, was a member and associate of the Bloods, a criminal organization whose members and associates engaged in, among other things, attempted murder, assault with a deadly weapon, and narcotics trafficking. The Bloods operated in the Bronx, New York, among other places. MATHEWS was a member of a faction of the Bloods known as the Milla Bloods, the Gangsta Milla Bloods, or GMB that, through their members and associates, operated in the Bronx, New York.

2.    At all times relevant to this Indictment, the Bloods constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, an association in fact of individuals engaged in, and the activities of which

affected, interstate and foreign commerce. The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

### PURPOSES OF THE ENTERPRISE

3.    The purposes of the Enterprise included the following:

a.    Preserving and protecting the power of the Enterprise and its members and associates through attempted murder, assault with a deadly weapon, and other acts of violence.

b.    Promoting and enhancing the Enterprise and the activities of its members and associates.

c.    Enriching the members and associates of the Enterprise through, among other things, the distribution of narcotics, including heroin, cocaine base in a form commonly known as "crack," and marijuana.

### MEANS AND METHODS OF THE ENTERPRISE

4.    Among the means and methods employed by the members and associates of the Enterprise in conducting and participating in the conduct of the affairs of the Enterprise were the following:

a.    Members and associates of the enterprise committed, conspired to commit, and attempted to commit acts of violence, including murder and assault with a deadly weapon, to

protect and expand the Enterprise's criminal operations.

b.    Members and associates of the Enterprise committed, conspired to commit, and attempted to commit acts of violence, including murder and assault with a deadly weapon, to maintain their positions in and to advance their positions in the Enterprise.

c.    Members and associates of the Enterprise used physical violence and threats of violence, including attempted murder and assault with a deadly weapon, against others, including individuals associated with rival gangs.

d.    Members and associates of the Enterprise sold narcotics, including heroin, cocaine base in a form commonly known as "crack," and marijuana.

e.    Members and associates of the Enterprise obtained, possessed, and used firearms.

5.    At all times relevant to this Indictment, the Bloods, through their members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1959(b)(1), namely, acts involving murder, in violation of New York Penal Law, and offenses involving trafficking in controlled substances in violation of Title 21, United States Code, Sections 812, 841, and 846.

6.    On or about October 20, 2017, in the Southern District of New York, LEONARD MATHEWS, the defendant, and others

3

known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the Bloods, and for the purpose of gaining entrance to and maintaining and increasing position in the Bloods, an enterprise engaged in racketeering activity, as described above, attempted to murder an individual (the "Intended Victim"), and aided and abetted such attempted murder, to wit, a co-conspirator not charged herein ("CC-1"), at the direction of and with the assistance of MATHEWS, shot at and attempted to murder the Intended Victim, who had previously assaulted MATHEWS, and in doing so injured multiple people, in the vicinity of East 196th Street and Morris Avenue in the Bronx, New York, in violation of New York Penal Law, Sections 125.25, 110.00, and 20.00.

(Title 18, United States Code,
Sections 1959(a)(5) and 2.)

## COUNT TWO
### (Violent Crime in Aid of Racketeering
### – Conspiracy to Commit Murder)

The Grand Jury further charges:

7.   Paragraphs 1 through 5 of Count One of this Indictment are repeated and incorporated by reference as though fully set forth herein.

8.   On or about October 20, 2017, in the Southern District of New York and elsewhere, LEONARD MATHEWS, the defendant, and others known and unknown, as consideration for the receipt of,

and as consideration for a promise and agreement to pay, a thing of pecuniary value from the Bloods, and for the purpose of gaining entrance to and maintaining and increasing position in the Bloods, an enterprise engaged in racketeering activity, as described above, conspired to murder an individual, to wit, CC-1, MATHEWS, and others conspired to murder the Intended Victim, who had previously assaulted MATHEWS, in the Bronx, New York, in violation of New York Penal Law, Sections 125.25 and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 2.)

### COUNT THREE
### (Violent Crime in Aid of Racketeering – Assault with a Dangerous Weapon)

The Grand Jury further charges:

9. Paragraphs 1 through 5 of Count One of this Indictment are repeated and incorporated by reference as though fully set forth herein.

10. On or about October 20, 2017, in the Southern District of New York and elsewhere, LEONARD MATHEWS, the defendant, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the Bloods, and for the purpose of gaining entrance to and maintaining and increasing position in the Bloods, an enterprise engaged in racketeering activity, as described above, knowingly assaulted individuals with a dangerous weapon,

and aided and abetted the same, to wit, CC-1, at the direction of and with the assistance of MATHEWS, shot at the Intended Victim, who had previously assaulted MATHEWS, and in doing so injured multiple people, in the vicinity of East 196th Street and Morris Avenue in the Bronx, New York, in violation of New York Penal Law, Sections 120.05, 120.10, 120.14(1), 110.00, and 20.00.

(Title 18, United States Code,
Sections 1959(a)(3) and 2.)

## COUNT FOUR
### (Firearms Offense)

The Grand Jury further charges:

11. On or about October 20, 2017, in the Southern District of New York and elsewhere, LEONARD MATHEWS, the defendant, and others known and unknown, during and in relation to crimes of violence for which they may be prosecuted in a court of the United States, namely the violent crimes in aid of racketeering charged in Counts One and Three of this Indictment, knowingly did use and carry a firearm, and in furtherance of such crimes, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, which was brandished and discharged.

(Title 18, United States Code, Sections
924(c)(1)(A)(i), (ii), (iii) and 2.)

6

## COUNT FIVE
### (Ammunition Offense)

The Grand Jury further charges:

12.  On or about October 20, 2017, in the Southern District of New York and elsewhere, LEONARD MATHEWS, the defendant, after having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess, and willfully caused to be possessed by someone else after that person had been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, in and affecting commerce ammunition, to wit, five Federal .40 caliber S & W bullets, which had previously been shipped and transported in interstate and foreign commerce.

(Title 18, United States Code, Sections 922(g)(1) and 2.)

## COUNT SIX
### (Narcotics Trafficking)

The Grand Jury further charges:

13.  From at least in or about May 2016 to on or about January 26, 2018, in the Southern District of New York and elsewhere, LEONARD MATHEWS, the defendant, intentionally and knowingly distributed and possessed with the intent to distribute a controlled substance, and aided and abetted the same, in violation of Title 21, United States Code, Section 841(a)(1).

14.  The controlled substance involved in the offense was 28 grams or more of mixtures and substances containing a

detectable amount of cocaine base in a form commonly known as "crack," in violation of Title 21, United States Code, Section 841(b)(1)(B).

(Title 21, United States Code, Sections 812, 841(a)(1) and 841(b)(1)(B); and Title 18, United States Code, Section 2.)

## FORFEITURE ALLEGATION WITH RESPECT TO COUNT SIX

15.  As a result of committing the offense alleged in Count SIX of this Indictment, LEONARD MATHEWS, the defendant, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offense and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

## Substitute Assets Provision

16.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a.  cannot be located upon the exercise of due diligence;

b.  has been transferred or sold to, or deposited with, a third person;

c.  has been placed beyond the jurisdiction of the Court;

> d.   has been substantially diminished in value; or
>
> e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

> (Title 21, United States Code, Section 853.)

_____
FOREPERSON

_____
GEOFFREY S. BERMAN
United States Attorney

9

Form No. USA-33s-274 (Ed. 9-25-58)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

### UNITED STATES OF AMERICA

v.

### LEONARD MATHEWS,

Defendant.

### SUPERSEDING
### INDICTMENT

S2 18 Cr. 124 (JPO)

(18 U.S.C. §§ 922(g)(1); 924(c)(1)(A)(i), (ii), (iii);
1959(a)(3), 1959(a)(5), and 2;
21 U.S.C. §§ 812, 841(a)(1) and 841(b)(1)(B))

GEOFFREY S. BERMAN
United States Attorney

Foreperson

5/30/18   Filed Superseding Indictment