UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                      :

LEONARD MATHEWS,                       :

           :

        Petitioner,          :

           :

           :

   - v. -                 :     18 Cr. 124 (JPO)

           :     22 Cv. 1713 (JPO)

UNITED STATES OF AMERICA,     :

           :

        Respondent.      :

           :

           :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


### THE GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION TO LEONARD MATHEWS' MOTION PURSUANT TO 28 U.S.C. § 2255


DAMIAN WILLIAMS
United States Attorney
Southern District of New York
One St. Andrew's Plaza
New York, NY 10007


Justin V. Rodriguez
Dominic A. Gentile
Assistant United States Attorneys
    *Of Counsel*

The Government respectfully submits this memorandum of law in opposition to Leonard Mathews' motion to vacate, pursuant to 28 U.S.C. § 2255, Count Four of his conviction. For the reasons set forth more fully below, Mathews' motion should be denied.

## BACKGROUND

### A. The Indictment

Superseding Indictment S2 18 Cr. 124 (JPO) (the "Indictment") was filed on May 30, 2018, in six counts. For Mathews' role in the shooting of three individuals on October 20, 2017, Count One charged Mathews with attempted murder in aid of racketeering, and aiding and abetting the same, in violation of 18 U.S.C. §§ 1959(a)(3) and 2, Count Two with conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(3), and Count Three with assault with a dangerous weapon in aid of racketeering, and aiding and abetting the same, in violation of 18 U.S.C. §§ 1959(a)(5) and 2. Count Four charged Mathews with using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, crimes of violence, namely the violent crimes in aid of racketeering charged in Counts One and Three, which firearm was brandished and discharged, and aiding and abetting the same, in violation of 18 U.S.C. §§ 924(c)(1)(a)(i), (ii), (iii), and 2. Count Five charged Mathews with possession of ammunition, specifically the shell casings recovered from the scene of the shooting, after having been convicted of a felony, and aiding and abetting the same, in violation of 18 U.S.C. §§ 922(g)(1) and 2. Count Six charged Mathews with distributing and possessing with intent to distribute 28 grams and more of mixtures and substances containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 812, 841(a)(1) and 841(b)(1)(B).

### B. The Trial

On September 24, 2018, the Government proceeded to trial against Mathews on all six counts. The Government's proof at trial included the testimony of twenty-one witnesses, including

1

the testimony of one cooperating witness, who testified pursuant to a non-prosecution agreement, and the introduction of over 120 exhibits.  The Government's proof established that Mathews was a leader of a violent street gang, who engaged in hand-to-hand sales of crack in areas controlled by the gang and that on October 20, 2017, Mathews ordered a fellow gang member to shoot a rival. Instead, three innocent bystanders were shot by mistake. The Government's exhibits included, among other things, security camera footage, recorded jail calls, and video recorded statements Mathews made to law enforcement regarding his presence at the scene of the shooting. There was also law enforcement testimony about evidence found during a search warrant executed at Mathews' residence.

As relevant to Mathews' motion, the Court provided the jury the following instructions, among others, with respect to Count Three, assault with a dangerous weapon in aid of racketeering, which was the predicate "crime of violence" underlying Count Four:

> I will now describe the law pertaining to assault with a dangerous weapon as it relates to the fourth element of Count Three. Under New York law, a person is guilty of a crime when "with intent to cause physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument." The crime of assault with a dangerous weapon under New York State law has two elements:

> First, the Defendant caused, or aided and abetted the causation of, physical injury to someone by means of a deadly weapon or dangerous instrument; and [s]econd, the Defendant did so with the intent to cause physical injury to that person or another person.

Trial Tr. at 1131-1132. At no point did the Court tell the jury that this element could be satisfied with proof of reckless conduct.

On October 3, 2018, the jury acquitted Mathews on Counts One and Two, and convicted Mathews on Counts Three, Four, Five, and Six. The jury found that the Government proved that

the firearm at issue in Count Four was brandished and discharged. The jury also found that the Government did not prove that the amount alleged in Count Six involved 28 grams or more of cocaine base.

### C. Sentencing and Mathews' Direct Appeal

On June 28, 2019, the Court sentenced Matthews principally to a term of 204 months' imprisonment—84 months on Counts Three, Five, and Six, concurrent with each other, plus 120 months on Count Four to run consecutively to the sentence on Counts Three, Five, and Six—to be followed by three years' supervised release.

On January 14, 2021, the Second Circuit affirmed Mathews' conviction and sentence by summary order. *United States v. Leonard Mathews*, 841 F. App'x 295 (2d Cir. 2021).

### D. Mathews' Section 2255 Motion

On March 1, 2022, Mathews filed a Section 2255 motion to vacate Count Four of his conviction. His principal argument is that the violent crime in aid of racketeering ("VICAR") offense charged in Count Three can no longer be considered a "crime of violence" under 18 U.S.C. § 924(c), the basis of his conviction on Count Four, in light of the Supreme Court's decision in *Borden v. United States*, 141 S.Ct. 1817 (2021). Specifically, Mathews claims that his conviction for VICAR assault with a dangerous weapon cannot be "crime of violence," as required by Section 924(c)(3)(A), because the New York State statute underlying his VICAR offense may encompass reckless conduct. Mathews is wrong.

## **ARGUMENT**

### A. Applicable Law

A "crime of violence," under Section 924(c)(3), is a felony offense that: "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) … by its nature involves a substantial risk that physical force against the person

or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3). Subsection A is generally referred to as the "force clause" and Subsection B is referred to as the "residual clause." In *United States v. Davis*, 139 S. Ct. 2319 (2019), the Supreme Court declared the residual clause to be unconstitutionally vague and therefore unenforceable.

To determine whether an offense is a crime of violence under the force clause, "courts employ one of two analytical paths: (1) the categorical approach, or (2) the modified categorical approach." *United States v. Varona*, Nos. 16 Civ. 4664, 95 Cr. 1027, 2021 WL 2873793, at *3 (S.D.N.Y. July 8, 2021) (citing *Mathis v. United States*, 579 U.S. 500, 505 (2016)). Under the categorical approach, the court "must determine whether a given offense is a crime of violence by focusing categorically on the offense's statutory definition, *i.e.*, the intrinsic elements of the offense, rather than on the defendant's particular underlying conduct." *United States v. McCoy*, 995 F.3d 32, 54 (2d Cir. 2021). However, when a statute is divisible, meaning it "list[s] elements in the alternative, and thereby define[s] multiple crimes," reviewing courts apply the "modified categorical approach." *Mathis*, 579 U.S. at 505. Under that approach, the court may "consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's" conviction. *Descamps v. United States*, 570 U.S. 254, 257 (2013).

Whether a court employs the categorical or modified categorical approach, in the Section 924(c) context, once the crime and elements are identified, the court "consider[s] the minimum conduct necessary for a conviction of the predicate offense . . . , and then considers whether such conduct amounts to a crime of violence" under the statute. *Hill* 890 F.3d at 56.

### B. Discussion

Mathews claims that his conviction on Count Four, which was predicated on his conviction on Count Three, should be vacated because VICAR assault with a dangerous weapon may be

committed with a *mens rea* of mere recklessness and, therefore, under *Borden*, it is not a crime of violence. Mathews' misconstrues the nature of his own conviction on Count Three and the reach of *Borden*. He argues that a defendant may be convicted, under New York law, of assault with a dangerous weapon based on a finding of mere recklessness. Applying the modified categorical approach, however, it is beyond question that Mathews was not convicted—and, indeed, *could* not have been convicted—based on a finding of mere recklessness. That disposes of his motion.

By (a) setting forth numerous different crimes of violence and (b) invoking state and federal criminal laws, the VICAR statute presents many alternative crimes with distinct elements. *See DeJesus v. United States*, Nos. 16 Civ. 4878, 11 Cr. 974, 2019 WL 6711478, at *3 (S.D.N.Y. Dec. 10, 2019); *see also* 18 U.S.C. § 1959. Accordingly, the VICAR statute is divisible and the modified categorical approach applies. *See Pagan v. United States*, Nos. 17 Civ. 1444, 10 Cr. 392, 2022 WL 1124924 n. 9 (S.D.N.Y. Apr. 14, 2022) ("The VICAR statute, 18 U.S.C. § 1959, is itself divisible."); *United States v. Varona*, Nos. 16 Civ. 4664, 95 Cr. 1027, 2021 WL 2873793, at *4 (S.D.N.Y. July 8, 2021) (finding the VICAR statute divisible and applying the modified categorical approach).

However, the analysis does not end there. As the Second Circuit has noted, a violation of Section 1959(a) requires proof that the "predicate acts constitute state law crimes." *United States v. Carillo*, 229 F.3d 177, 185 (2d Cir. 2000). Thus, the analysis under the force clause requires consideration of the underlying state law. Here, Mathews was charged in Count Three of the Indictment with VICAR assault with a dangerous weapon in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(3). As state law predicates, the Indictment cited, among other statutes, New York Penal Law Section 120.05 (second-degree assault). The second-degree New York State assault statute is written with multiple numbered paragraphs describing various ways of violating the

statute, including methods of violation requiring intent and others requiring lesser degrees of *mens rea*. *See* N.Y. Pen. Law § 120.05. Like VICAR, the New York second-degree assault statute is itself divisible. *See Singh v. U.S. Dep't of Homeland Sec.*, 526 F.3d 72 (2d Cir. 2008) ("N.Y.P.L. § 120.05 may be considered a 'divisible statute'"); *see also Grant v. United States*, Nos. 15 Civ. 7151, 06 Cr. 732, 2017 WL 2881132 (E.D.N.Y. July 5, 2017) ("New York Penal Law § 120.05 lists a number of ways in which a person can be guilty of assault in the second degree, thus making § 120.05 a divisible statute.").

As relevant here, New York Penal Law Section 120.05(2) provides that a person is guilty of assault in the second degree when "[w]ith intent to cause physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument." By contrast, other subsections of New York Penal Law Section 120.05 may be committed with a *mens rea* of mere recklessness. For example, Section 120.05(4), provides a person is guilty of assault in the second degree when "[h]e recklessly causes serious physical injury to another person by means of a deadly weapon or a dangerous instrument."

Accordingly, in assessing the basis for Mathews' conviction on Count Three and, therefore, his conviction on Count Four, the modified categorical approach applies and the Court may consider a limited class of documents, including the Indictment and jury instructions, to determine whether the defendant's conviction was predicated on an intentional variety of New York State assault—specifically, New York Penal Law Section 120.05(2)—which would satisfy Section 924(c)'s force clause in requiring the intentional use of force. *See Singh v. Barr*, 939 F.3d 457, 462 (2d Cir. 2019) ("As NYPL § 120.05 contains multiple subsections, this Court must apply the modified categorical approach, which allows a court to look at materials such as the indictment or

plea agreement in the underlying case to determine the subsection under which the defendant was convicted.").

Here, the Indictment and the jury instructions make crystal clear that Mathews was not charged with or convicted of a crime that can be committed with mere recklessness. Rather, the Indictment specified that Mathews "knowingly assaulted individuals with a dangerous weapon," and in doing so "injured multiple people." In other words, Mathews was charged with—and later convicted of—committing an intentional offense that included "violent force – that is, force capable of causing physical pain or injury to another person." *Singh*, 939 F.3d at 462 (quoting *Johnson v. United States*, 559 U.S. 133, 140 (2010)). Similarly, the Court's instructions to the jury on Count Three make clear that Mathews' conviction was based on intentional conduct in violation of New York Penal Law Section 120.05(2). First, the Court quoted the relevant language of Section 120.05(2) to the jury. *See* Trial Tr. at 1131 ("Under New York law, a person is guilty of a crime when 'with intent to cause physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument.'"). Then, the Court explained that the crime had the following two elements: "First, the Defendant caused, or aided and abetted the causation of, physical injury to someone by means of a deadly weapon or dangerous instrument; and [s]econd, the Defendant did so with the intent to cause physical injury to that person or another person." Trial Tr. 1131-1132. The Court said nothing about recklessness—not in its instructions with respect to Count Three, not in its instructions anywhere. Thus, the Court's jury instructions leave no doubt that Mathews' conviction on Count Three was predicated on New York Penal Law Section 120.05(2) and, therefore, that his conviction of Count Four required the jury to determine whether the Government had proven that Mathews' use of force was "purposeful or knowing," not reckless. *Borden*, 141 S. Ct. at 1828.

Moreover, the Second Circuit has repeatedly held that New York Penal Law Section 120.05(2)—the basis for Mathews' conviction on Count Three—is categorically a crime of violence. *See United States v. White*, 7 F.4th 90, 104 (2d Cir. 2021) ("The New York offense of assault in the second degree … categorically has as an element the use, attempted use, or threatened use of physical force against the person or property of another.") (internal quotation marks omitted) (citing Section 120.05(2)); *United States v. Tabb*, 949 F.3d 81, 84-85 (2d Cir. 2020) (Section 120.05(2) is a crime of violence under force clause of U.S.S.G. § 4B1.2(a)); *Singh*, 939 F.3d at 464 ("To constitute a crime of violence, an offense must require violent force—that is, force capable of causing physical pain or injury to another person.  NYPL § 120.05(2) meets this bar."); *United States v. Walker*, 442 F.3d 787, 788 (2d Cir. 2006) (finding Section 120.05 to be a crime of violence under ACCA).

Mathews' reliance on *Borden* is misplaced. In *Borden*, a plurality of the Supreme Court held that, for purposes of ACCA, an offense with <u>only</u> the *mens rea* element of recklessness does not qualify as a violent felony. *See Borden*, 141 S. Ct. at 1834. At issue in *Borden*, was a Tennessee statute, which specifically charged the defendant with reckless assault. *Id.* at 1822. Under the categorical approach, the Court determined that "offenses with a *mens rea* of recklessness do not qualify as violent felonies," *id.* at 1834, and that ACCA's violent felony clause only "covers purposeful and knowing acts," *id.* at 1826. That is simply not the case here. As the Indictment and the jury instruction clearly demonstrate, Mathews was convicted of knowingly and intentionally using force sufficient to cause physical injury. His conviction was based on New York Penal Law Section 120.05(2), which cannot be violated with mere recklessness. This is in stark contrast to the statute in *Borden*, which could only be violated with mere recklessness.

Notably, even after *Borden*, the Second Circuit has continued to find that VICAR assault with a dangerous weapon in aid of racketeering premised on New York Penal Law Section 120.05(2) is a valid predicate crime of violence sufficient to sustain a conviction under Section 924(c). *See, e.g., White*, 7 F.4th 90 at 104. As recently as last week, the Second Circuit affirmed a defendant's Section 924(c) conviction holding that the same New York State assault statutes at issue here properly qualified as a predicate crime of violence for VICAR assault in in aid of racketeering. *See e.g., United States v. Laurent*, --- F.4th ---, 2022 WL 1217395 (Apr. 26, 2022). Accordingly, Mathews' Section 924(c) conviction on Count Four remains valid.

## **CONCLUSION**

For the foregoing reasons, the Government respectfully submits that this Court should deny Mathews' motion in its entirety.

Dated: May 6, 2022
      New York, New York

                                          Respectfully submitted,

                                          DAMIAN WILLIAMS
                                          United States Attorney for the
                                          Southern District of New York

By:       /s/_____
                        Justin V. Rodriguez
                        Dominic A. Gentile
                        Assistant United States Attorneys
                        (212) 637-2591/2567

## CERTIFICATE OF SERVICE

On May 6, 2022, I directed that a copy of the Government's memorandum of law in opposition to Leonard Mathews' motion pursuant to 28 U.S.C. § 2255 be mailed to:

> LEONARD MATHEWS, REGISTER NUMBER: 79957-054
> USP LEE
> U.S. PENITENTIARY
> P.O. BOX 305
> JONESVILLE, VA  24263

By:    /s/ Justin V. Rodriguez
       Justin V. Rodriguez
       Assistant United States Attorney
       (212) 637-2591
       justin.rodriguez@usdoj.gov

10